OPINION OF THE COURT
PER CURIAM.
James Hayes, a federal prisoner, appeals pro se from the District Court’s or *663 der denying his motion to waive or dismiss the remainder of the $5,000 fíne imposed as part of his sentence. For the reasons that follow, we will affirm.
In February 2000, Hayes pled guilty to conspiracy, in violation of 21 U.S.C. § 846; possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug felony, in violation of 18 U.S.C. § 924(c); and aiding and abetting, in violation of 18 U.S.C. § 2. The District Court sentenced Hayes to 180 months’ imprisonment and five years of supervised release, and ordered him to pay a $5,000 criminal fine and $800 special assessment. Hayes did not appeal his conviction or sentence.
Nine years later, on April 10, 2009, Hayes filed a motion to waive or dismiss the balance of the criminal fine. Hayes claimed that he is unable to pay the fine while he is incarcerated because he does not receive sufficient earnings in prison. The government opposed Hayes’s motion, relying on 18 U.S.C. § 3573 and alternatively, Hayes’s failure to demonstrate a material change in his financial resources as required under 18 U.S.C. § 3572(d). The District Court agreed with the government and denied Hayes’s motion. Hayes timely appealed.
Under 18 U.S.C. § 3573, only the government may petition for modification or remission of a fine upon a showing that reasonable efforts to collect a fine or assessment are not likely to be effective. See United States v. Seale, 20 F.3d 1279, 1286 n. 8 (3d Cir.1994). Thus, section 3573 provides the defendant with no opportunity to seek adjustment of the fine. See also United States v. Kadonsky, 242 F.3d 516, 520 (3d Cir.2001).[1] The government did not file a motion under § 3573 in Hayes’s case, and therefore, the District Court lacked jurisdiction to grant his motion. Denial of relief was proper.
Moreover, Hayes’s objections to his fine are without merit. Hayes contends that the District Court lacked jurisdiction to impose the fine, which is untrue. See United States v. Mustafa, 238 F.3d 485, 490 (3d Cir.2001). Imposition of a criminal fine is not a constitutional violation as a court has the authority to impose fines as part of a defendant’s punishment. See 18 U.S.C. § 3571(a). To the extent that Hayes seeks to challenge how the District Court arrived at the amount of the fine and his ability to pay, he did not challenge his sentence on appeal and thus, the District Court’s findings are final. See United States v. Frady, 456 U.S. 152, 164-65, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). His allegations that he does not earn enough money while incarcerated also do not show a material change in his economic circumstances that would enable the District Court to adjust the payment schedule. See 18 U.S.C. § 3572(d). Therefore, Hayes must continue to pay the fine.
Accordingly, we will affirm the District Court’s order denying Hayes’s motion. The motion for appointment of counsel is denied.

. Under Fed.R.Crim.P. 35, the court "may correct a sentence that resulted from arithmetical, technical, or other clear error,” but must do so within seven days after sentencing. See e.g., United States v. Simpson, 885 F.2d 36, 38 (3d Cir.1989). Accordingly, this remedy does not apply here.